## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

Robert Vincent Gadson,                                    Civil Action No. 04-40125-NG
      Petitioner,

      v.

David Winn, Warden, FMC Devens
      Respondent.

_____

### WARDEN WINN'S RESPONSE TO THE COURT'S JULY 12, 2004 ORDER

Comes now respondent David Winn, through Assistant U.S. Attorney Christopher Alberto, and submits the following response to the Court's July 12, 2004 order.

#### Introduction

In May 2004, The United States Parole Commission ("Commission") determined Gadson would be a serious risk to the community and denied Robert Vincent Gadson ("Gadson") parole. The Commission based its decision , inter alia, upon Gadson's history as a parole violator, his ongoing mental illness, and his violent criminal history.  The Commission has scheduled April 1, 2005 as Gadson's presumptive parole date.

#### Statement of Facts

Petitioner Gadson is a prisoner at the Federal Medical Center, Devens, Massachusetts, serving a parole violator term of 26 years, 11 months, and 29 days.  See Exhibit 1 (hereafter "Ex. __").  The U.S. District Court for the Eastern District of Pennsylvania originally sentenced

Gadson for separate bank robberies:  a 10-year term of imprisonment imposed on April 1, 1981,

and a 40-year term of imprisonment imposed on June 30, 1987.  Id.

     After serving a term of imprisonment, the Commission granted Gadson parole.  Gadson,

however,  violated the terms of his parole and was re-incarcerated on December 5, 2000.  See

Ex. 2 and 3.  Gadson violated a special condition of his parole by failing to participate in a

mental health program.  See Id.  He also traveled from the district of supervision without

permission and failed to report a change in residence.  See Id.  The Commission then scheduled

Gadson's presumptive parole date for March 2, 2001.

     In a February 28, 2001 notice of action, the Commission reopened Gadson's case for a

special reconsideration hearing.  See Ex. 4.  Gadson's case was reopened  because he sent

disturbing letters to an assistant U.S. attorney and a U.S. district court judge.  See Ex. 5.  Gadson

suggested in the letters he and the judge make love.  Gadson also indicated that he can carry a

gun again following alleged pardons by President Clinton and several governors.  Moreover, the

Commission had previously instructed Gadson not to have any contact with the assistant U.S.

attorney and the district court judge.

     The Commission gave Gadson the special reconsideration hearing on June 20, 2001.  See

Ex. 6, and Ex. 7.  At the hearing, the Commission's hearing examiner considered an April 17,

2001  risk assessment panel report from the FMC Devens.  See Ex. 8.  The risk assessment panel

found that Gadson posed a "grave risk of harming another individual" and that "he is

significantly impaired by his mental illness and is a danger to others or the property of others and

should not be released on parole."  In an August 22, 2001 notice of action, the Commission

informed Gadson that his March 2, 2001 parole date was rescinded and scheduled a presumptive

parole date of February 1, 2004.  <u>See</u> Ex. 9.  Gadson appealed these decisions to the

Commission's National Appeals Board.  The Board affirmed the decisions on January 4, 2002.

<u>See</u> Ex. 10.

     The Commission gave Gadson an interim hearing on April 29, 2003.  <u>See</u> Ex.11.  At that

hearing, the examiner noted that Gadson had incurred two disciplinary rule infractions.  In one

incident, Gadson made an inappropriate proposal in a letter addressed to the Director of the

Bureau of Prisons.  In a May 15, 2003 notice of action, the Commission rescinded Gadson's

February 1, 2004 presumptive parole date and scheduled his presumptive parole for April 1,

2004.  <u>See</u> Ex. 12.  Gadson again appealed to the National Appeals Board.  The Board affirmed

the decisions on June 25, 2003.  <u>See</u> Ex. 13.

     In a December 8, 2003 letter, Gadson's unit manager at the FMC Devens recommended

that Gadson's presumptive parole date be rescinded due to psychiatric concerns.  <u>See</u> Ex. 14.

The unit manager included with this letter a psychiatric evaluation dated December 4, 2003.  The

psychiatrist stated in the evaluation that Gadson had been "variably compliant" in taking his

anti-psychotic and mood- stabilizing medications, sometimes missing up to one-third of the daily

doses.  The psychiatrist also stated that Gadson had continued to write disorganized and

disturbing letters to a variety of figures such as Condoleezza Rice and the Governor of New

Jersey.  Based on the information in the psychiatric evaluation, on March 29, 2004, the

Commission reopened Gadson's case for a special reconsideration hearing.  <u>See</u> Ex. 15 and 16.

That hearing was held on April 22, 2004.  <u>See</u> Ex. 17.  In a May 6, 2004, notice of action, the

Commission rescinded the April 1, 2004 parole date and continued Gadson to a presumptive

reparole on April 1, 2005.  <u>See</u> Ex. 18.

Gadson appealed that decision to the Commission's National Appeals Board.  See Ex. 19.

In a  June 22, 2004 notice of action,  the Commission's National Appeals Board affirmed the

previous decision.  See Ex. 20. The Appeals Board noted Gadson's mental instability, which was

evidenced by the assertions he made in his appeal.  For example, Gadson claimed in the appeal

that President Clinton had granted him a pardon.  The Commission's National Appeals Board

affirmed the determination that Gadson was a serious risk to the public welfare.

Argument

Gadson contends the Commission's decision was arbitrary and capricious.  Gadson also

claims that he does not have any mental problems.

"Section 4218(d) provides, in part, that actions of the Commission pursuant to paragraph

(1) of § 4203(b) shall be considered actions committed to agency direction for the purposes of

the Administrative Procedures Act, 5 U.S.C. § 701(a)(2).  Section 4203(b) provides in part that

the 'Commission, by majority vote, and pursuant to the procedures set out in this chapter, shall

have the power to . . . grant or deny an application or recommendation to parole any eligible

prisoner . . . .'"   Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1182 (8th Cir. 1990); see also

Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir. 1984).  Therefore, under § 4218(d), the

Commission's refusal to grant Gadson parole was an action "committed to agency discretion,"

and thus "insulated from judicial review."  Jones, 903 F.2d at 1182; Farkas, 744 F.2d at 38-39.

However, a court may review the Commission's actions to determine whether the Commission

has violated the Constitution, statutory law, or agency regulations.  See Jones, 903 F.2d at 1183;

Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir. 1986) (en banc).  The court may also

review the record to determine whether the Commission had "some evidence" to support its

action.  <u>See</u>, <u>e.g.</u> <u>Kramer</u> v. <u>Jenkins</u>, 803 F.2d 896, 901 (7th Cir. 1986).

In his petition, Gadson fails to show that the Commission violated the law in denying him reparole or that the Commission lacked evidence to support the determination that he poses a serious risk to the public.  By statute, the Commission is required to consider reports and recommendations from institutional staff, and reports of mental or psychiatric examinations conducted for the offender.  18 U.S.C. §4207 (1) and (5).   The Commission properly considered the December 2003 evaluation from a psychiatrist that described Gadson's inconsistency in taking his medications, his persistent writing of disturbing letters to various officials, and that psychiatrist's recommendation against Gadson's release on parole.

The Commission is mandated by statute to determine, <u>inter alia</u>, whether Gadson's release would jeopardize the public welfare.  <u>See</u> 18 U.S.C. §4206(a) (2).  Following that mandate, the Commission reviewed the evidence and properly determined that Gadson would be a risk to the community if released on parole.  As the Commission's National Appeals Board ruled on June 22, 2004, Gadson's mental instability, his inability to follow the conditions of parole supervision, and  his violent criminal history, made him a serious risk to the community.

Respectfully submitted,


MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY


By:               /s/ Christopher Alberto
                  Christopher Alberto
                  Assistant U.S. Attorney

August 13, 2004

- 5 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served upon Petitioner Robert Vincent Gadson, Unit N-5, F.M.C. Devens, #31101-066, 48 Patton Road, Room 503, P.O. Box 879, Ayer, MA 01432 by first class mail, postage prepaid on this date.


<u>/s/ Christopher Alberto</u>
Christopher Alberto


August 13, 2004