—1—

| | |
|---|---|
| 11/26/2005 SAT, FILED | VERY HONORABLE U.S. SENATOR JOHN F. KERRY MY FRIEND & VERY HONORABLE FEDERAL CIVIL U.S. DISTRICT JUDGE NANCY GERTNER & HON. DEPUTY CLERK & HON. U.S. ATTORNEY & HONORABLE U.S. PAROLE HQ CHIEF BIG BOSS CHAIRMAN MICHAEL GAINES, MY FRIEND |
| RE: FAX OUT ALL PARTY BY LAW 5 USC 552 FREEDOM INFORMATION ACT LAW SERVICE & E-MAIL | HON. FED. DEFENDER ELIZABETH PREVETT COURT B.O.P APPOINTED BY 18 USC 3006 LAW |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS AT
BOSTON

| | |
|---|---|
| ROBERT VINCENT GADSON, PLAINTIFF | DOCKET NUMBER # 04-40125 |
| Vs. | MOTION FILED PLEASE ISSUE WRIT & HOLD |
| B.O.P AYER, F.M.C DEVENS WARDEN DAVID L. WINN & ET AL UNITED STATES PAROLE COMMISSION & ET AL U.S.A. | COURT ON B.O.P DOCTOR & ME & U.S.P.C WHY THEY KEPT ME IN PRISON FOR #5 YEARS UNCONSTITUTIONAL IN VIOLATION OF 8th |
| RESPondents | U.S. AMENDMENT OF CRUEL & UNUNSAL PUNISHMENT & DENIAL OF DUE PROCESS OF LAW. |

MOTION FILED RULE #60-B-(6) F.R.CIVIL P, LAW RELIEF FROM JUDGMENT &
COURT ORDER DENYING WRIT OF HABEAS CORPUS RELIEF BY LAW TITLE
28 USC 2241 & DISCHARGE FOR MERRY CHRISTMAS HOME BY
DATE OF 12/15/2005 &
ISSUE FINAL COURT ORDER
TO WARDEN WINN TO DISCHARGE ME OUT PRISON BY HABEAS CORPUS
WRIT RELIEF & DISCHARGE

QUOTING ESTELLE Vs. SMITH 68 L.ED 2d 359 B.O.P DOCTORS WILL LIE ON INMATE & S.CT NO ALL ABOUT B.O.P LYING DOCTORS. SO BY TITLE 5 USC 706-2 VACATE SET ASIDE 10/5/2005 PAROLE HQ NOTICE OF ACTION ORDER AND D.MASS COURT GERTNER YOU AND U.S. HON. SENATOR KERRY ORDER ME DISCHARGE BY 12/15/05 & MERRY CHRISTMAS N.G. HON. KERRY, HON. GERTNER.   SIGN BY *Robert Vincent Gadson*, God child
                                                                                                   LAMB
R.V. GADSON #31101-066
P.O. BOX 879 UNIT N-4 ROOM #415
AYER, MASS, 01432

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Notice of Action on Appeal

| | |
|---|---|
| Name: Gadson, Robert | Institution: Devens FMC |
| Register Number: 31101-066 | Date: October 5, 2005 |

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

**REASONS**:

You appeal the Commission's decision on the following grounds: 1) that the Commission has erroneously caused you to serve five years beyond the parole date granted at your revocation hearing in 2000, 2) the Commission relied on erroneous information contained in the psychological evaluation from the Bureau of Prisons psychologist to rescind your parole date, 3) a decision outside the guidelines is not supported by the reasons given on the notice of action, 4) the Commission incorrectly applied its regulation at 2.48.

There is no merit to your claim that the Commission has erred in causing you to serve five more years than the parole date granted following your revocation hearing in 2000. That parole date was conditioned on your observing the rules of the institution, and the Commission's determination that your release would not depreciate the serous of your offense nor jeopardize the public welfare. See 28 C.F.R. § 2.18. Since your revocation hearing, your parole date was rescinded in August 2001 for 48 months for disobeying instructions that you were not to send inappropriate and threatening written communications; your parole date was rescinded in May 2003 for two months for violating institutional rules (Making a Sexual Proposal); and it was rescinded in May 2004 for 12 months because you failed to take your medication.

You claim that the psychological report prepared at Fort Devens in December 2003 contained erroneous information. That issue was addressed in your appeal of the Commission's decision dated May 6, 2004 to rescind your parole date and the National Appeals Board found no merit to your claim.

There is no merit to your claim that the decision to exceed the guidelines is not supported by the reasons given on the notice of action. The Commission has not established a release date in your case; however, by deferring the release decision until it receives an updated psychological evaluation it has exceeded the guidelines for administrative rule infractions (0 to 2 months). The National Appeals Board affirms the Commission's decision to rescind your parole grant and defer the release decision. The Commission must have written assurance that you are consistently taking your prescribed medications and that your condition has improved significantly since the Bureau of Prison's assessment in 2003 in order to grant release on parole.

There is no merit to your claim that the Commission incorrectly applied its regulation at 28 C.F.R. § 2.48. Your most recent hearing conducted by the Commission was a rescission hearing. The purpose of a rescission hearing is to determine whether rescission of the parole date is warranted based on

disciplinary infractions or new criminal conduct committed in the institution.   Section 2.48, which pertains to revocation hearings, has no relevance in the context of a rescission hearing.

All decisions by the National Appeals Board on appeal are final.

Cc:

